BURKE, WILLIAMS & SORENSEN, LLP
MICHAEL B. BERNACCHI, Bar No. 163657
mbernacchi@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600
Facsimile: 213.236.2700

Attorneys for Defendant Unum Life Insurance Company of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL C. PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. '08 CV 0262 L RBB<br><br>NOTICE OF REMOVAL OF CIVIL ACTION<br><br>[Federal Question Jurisdiction – ERISA, 29 U.S.C. § 1001] |

TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

Defendant Unum Life Insurance Company of America ("UNUM" or "Defendant") hereby serves notice of its removal of the above-entitled action to the United States District Court for the Southern District of California from the Superior Court of the State of California for the County of San Diego, and respectfully avers:

/ / /

/ / /

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-0779-1362 v1

1

CASE NO.
NOTICE OF REMOVAL OF CIVIL ACTION

## PLEADINGS AND PROCEEDINGS TO DATE

1. On or about January 10, 2008, an action was commenced against UNUM in the Superior Court of the State of California for the County of San Diego, entitled *Joel C. Parker v. Unum Life Insurance Company of America*, under Case No. 37-2008-00075495-CU-IC-CTL by the filing of a Complaint, a true copy of which is attached hereto as Exhibit "A."

2. Defendant was served a copy of the Complaint on January 18, 2008 by personal service on its agent for service of process. Defendant is informed and believes that there has been no service of process upon Does 1 through 10. The foregoing Summons and Complaint constitute all the process, pleadings, and orders served upon UNUM, to date.

## FEDERAL QUESTION JURISDICTION

3. The District Courts of the United States have original jurisdiction over an action founded on a claim of right arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). United States Code Title 29, Section 1132(e)(1) confers concurrent jurisdiction upon the District Courts of the United States over claims initiated by plan participants or beneficiaries to recover benefits or to enforce their rights under employee welfare benefit plans governed by ERISA.

4. This action arises by virtue of a claim for disability insurance benefits by Plaintiff, who was insured under a policy of group insurance issued by UNUM and used by his employer, Hammond & Masing General Contractors, Inc. ("Hammond & Masing"), to fund an employee welfare benefit plan governed by

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-0779-1362 v1

2

CASE NO.
NOTICE OF REMOVAL OF CIVIL ACTION

1 ERISA. Title 29 U.S.C. §1132(a)(1)(B) provides an exclusive federal cause of
2 action to resolve suits by participants or beneficiaries seeking to recover benefits
3 from an ERISA plan. ERISA preempts Plaintiff's state law causes of action seeking
4 to recover benefits and other damages under an ERISA plan. *Pilot Life Ins. Co. v.*
5 *Dedeaux*, 481 U.S. 41, 54 (1987); *Dytrt v. Mountain States Tel. & Tel. Co.*, 921
6 F.2d 889, 897 (9th Cir. 1990).

8      5.     Causes of action filed in state court which are preempted by ERISA
9 and fall within the scope of ERISA Section 502(a)(1)(B) may be removed to federal
10 court pursuant to 28 U.S.C. §1441(b), even if the defense of ERISA preemption
11 does not appear on the face of the Complaint. *Metropolitan Life Ins. Co. v. Taylor*,
12 481 U.S. 58, 66-67 (1987). Here, however, the Complaint alleges that plaintiff was
13 an employee of Hammond & Masing and a beneficiary of Policy No. 586248 issued
14 to Hammond & Masing by UNUM. (Complaint, ¶5) Plaintiff has also alleged that
15 UNUM has violated ERISA by failing to honor his disability claim. (Complaint,
16 ¶8) It is therefore beyond dispute that Plaintiff's claims for benefits under the
17 policy are governed by ERISA.

## VENUE

21      6.     This is a suit of a wholly civil nature brought in a California Court.
22 The action is pending in San Diego County, California, and accordingly, under
23 Title 28 U.S.C. §§ 84(a) and 1441(a), the United States District Court for the
24 Southern District of California is the proper forum for removal.
25 / / /
26 / / /
27 / / /
28 / / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-0779-1362 v1

3

CASE NO.
NOTICE OF REMOVAL OF CIVIL ACTION

WHEREFORE, Defendant Unum Life Insurance Company of America requests that the above-referenced action now pending in the San Diego County Superior Court, State of California, Case No. 37-2008-00075495-CU-IC-CTL, be removed from that Court to this United States District Court.

Dated: February 11, 2008

Burke, Williams & Sorensen, LLP
Michael B. Bernacchi

By: _____
Michael B. Bernacchi
Attorneys for Defendant Unum Life Insurance Company of America

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4811-0779-1362 v1

4

CASE NO.
NOTICE OF REMOVAL OF CIVIL ACTION

Case 3:08-cv-00262-L-RBB    Document 1    Filed 02/12/2008    Page 5 of 18

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNUM LIFE INSURANCE COMPANY OF AMERICA, a Corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOEL C. PARKER, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE
08 JAN 10 PM 3:17
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court - Central
330 West Broadway, San Diego, CA 92101

**CASE NUMBER** 37-2008-00075495-CU-IC-CTL
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John W. Tower, Esq./Law Office of John W. Tower
2211 Encinitas Blvd, 2nd Floor, Encinitas, CA 92024, (760) 436-5589

DATE: JAN 1 0 2008                                Clerk, by   S. LITTLE                     , Deputy
*(Fecha)*                                         *(Secretario)*                             *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* UNUM Life Insurance Company of America

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]                    **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465

EXHIBIT A

5

JOHN W. TOWER, ESQ. SBN106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd, Second Floor
Encinitas, CA 92024
(760) 436-5589 / Fax (760) 479-0570

Attorney for Plaintiff Joel C. Parker

FILED
CIVIL BUSINESS OFFICE 8
CENTRAL

08 JAN 10 PM 3:17

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| JOEL C. PARKER, an individual<br><br>        Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA a Corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 37-2008-00075495-CU-IC-CTL<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF ERISA<br>[29 U.S.A. §1132] AND JURY DEMAND |

    Plaintiff certifies that venue is proper in San Diego County as to all Defendants because this is the County in which the obligations of the Defendants under the subject insurance policy were to be performed, where the contract was breached and where the injuries and damages occurred.

    Plaintiff alleges as and for his causes of action as follows:

    1.    Plaintiff is a resident of the County of San Diego, State of California and was at all times herein mentioned covered by a disability insurance policy which Plaintiff is informed and believes and thereon alleges was provided, sponsored, supplied, underwritten, administered, drafted and/or implemented by Defendants.

    2.    Plaintiff is informed and believes and thereon alleges that Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter "UNUM") is a corporation authorized to do and doing insurance business in the County of San Diego, State of California.

    3.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are somehow related to and/or controlled by the named Defendant and are related entities

- 1 -

Complaint for Damages for Violation of ERISA

EXHIBIT A

6

1  that were somehow involved in the issuing of Plaintiff's policy and/or the handling of Plaintiff's
2  claim described herein. The true names and capacities of the Defendants sued herein under Section
3  474 of the Code of Civil Procedure as DOES 1 through 10 are unknown to Plaintiff who therefore
4  sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges
5  that each of the fictitiously named Defendants is responsible in some manner for the events herein
6  referred to and caused the damages hereinafter alleged.
7      4.   Plaintiff is informed and believes and thereon alleges that each Defendant is, and was
8  at all times herein mentioned acting as the agent and/or employee of each of the remaining
9  Defendants and at all times acted within the scope and authority of said agency and/or employment.
10     5.   While Plaintiff was employed by Hammond & Masing General Contractors, Inc. in
11 San Diego, California, he was provided with a disability insurance policy, Policy No. 586248, that
12 Plaintiff is informed and believes and thereon alleges was and is issued, underwritten and
13 administered by Defendants and/or Defendants' predecessor(s)/assignor(s) who wrote the plan, are in
14 possession of same and are familiar with its terms and conditions. Plaintiff is informed and believes
15 and thereon alleges that the Defendants drafted and/or issued the subject policy and are completely
16 familiar with all of its terms and conditions.
17     6.   While the subject policy was in effect, Plaintiff became disabled and made proper
18 claim therefore entitling Plaintiff to benefits under the policy. Plaintiff submitted a claim in
19 accordance with the provisions of the policy which was identified by the Defendants as claim No.
20 2540206.
21     7.   Plaintiff has performed all conditions, covenants and promises required on his part to
22 be performed in accordance with the terms and conditions of the plan policy referred to herein above
23 except, if applicable, those that have been excused and/or waived by Defendants.
24     8.   Within the past year, at San Diego, California, the Defendants breached their
25 contractual and/or fiduciary obligations under the subject plan and violated the provisions of 29
26 U.S.A. §1132 by failing to honor Plaintiff's claim.
27     9.   As a direct and proximate result of the Defendant's breach of contract and violation
28 29 U.S.A. §1132, Plaintiff has suffered and will continue to suffer damages including loss of policy

1 | benefits under the disability insurance policy which Plaintiff is informed and believes and thereon alleges is in excess of $250,000.00 together with interest thereon at the legal rate, which sum will be subject to proof at the time of trial.

    10.    Pursuant to 29 U.S.A. §1132(g) Plaintiff hereby requests attorney's fees and costs in connection with recovering benefits due and owing from the Defendants. Furthermore, Plaintiff demands a trial by jury as to all issues herein giving rise to such a right.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For policy benefits under the plan according to proof at the time of trial;

2. For prejudgment interest on contractual benefits wrongfully withheld;

3. For reasonable expenses incurred, including reasonable attorney's fees and other costs related to the collection by Plaintiff of policy benefits wrongfully withheld by the Defendants; and

4. For costs of suit incurred herein and for such other and further relief as the Court may deem just and proper.

Dated: January 7, 2008

LAW OFFICE OF JOHN W. TOWER

By: _____
JOHN W. TOWER
Attorney for Plaintiff
Joel C. Parker

## JURY DEMAND

Plaintiff hereby demands a jury for all issues properly giving rise to the right to trial by jury.

Dated: January 7, 2008

LAW OFFICE OF JOHN W. TOWER

By: _____
JOHN W. TOWER
Attorney for Plaintiff
Joel C. Parker

- 3 -

Complaint for Damages for Violation of ERISA



EXHIBIT A     8

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | |

PLAINTIFF(S) / PETITIONER(S):     Joel C. Parker

DEFENDANT(S) / RESPONDENT(S):  UNUM LIFE INSURANCE COMPANY OF AMERICA

PARKER VS. UNUM LIFE INSURANCE COMPANY OF AMERICA

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00075495-CU-IC-CTL |
|---|---|

Judge:  David B. Oberholtzer

Department: C-67

**COMPLAINT/PETITION FILED:** 01/10/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

EXHIBIT A

9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00075495-CU-IC-CTL         CASE TITLE: Parker vs. UNUM LIFE INSURANCE COMPANY OF AMEF

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): Joel C. Parker | |
| DEFENDANT(S): UNUM LIFE INSURANCE COMPANY OF AMERICA | |
| SHORT TITLE: PARKER VS. UNUM LIFE INSURANCE COMPANY OF AMERICA | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2008-00075495-CU-IC-CTL |
|---|---|

Judge: David B. Oberholtzer                                   Department:

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                        ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                        ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                       ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____                              Date: _____

_____                            _____
Name of Plaintiff                                             Name of Defendant

_____                            _____
Signature                                                         Signature

_____                            _____
Name of Plaintiff's Attorney                            Name of Defendant's Attorney

_____                            _____
Signature                                                         Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 01/10/2008                                                          _____
                                                                                        JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)      **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**      Page: 1

EXHIBIT A

12

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
01/18/2008
CT Log Number 512998299

TO: Michael Parker
Unum Group
2211 Congress Street, Mail Stop: C475
Portland, ME 04122-0590

RE: **Process Served in California**

FOR: UNUM Life Insurance Company of America (Domestic State: ME)

RECEIVED
JAN 21 2008
LEGAL DEPT

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Joel C. Parker, etc., Pltf. vs. Unum Life Insurance Company of America, etc., et al., Dfts. |
| DOCUMENT(S) SERVED: | Sumons, Complaint, Notice, Attachment(s), Stipulation Form |
| COURT/AGENCY: | San Diego County - Central District - Superior Court, CA
Case # 37200800075495CUICCTL |
| NATURE OF ACTION: | Insurance Litigation - Breach of Contract - Failure to cover insured |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/18/2008 at 10:12 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | John W. Tower, Esq.
Law Offices of John W. Tower
2211 Encinitas Blvd.
2nd Floor
Encinitas, CA 92024 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798855442703 |
| SIGNED:
PER:
ADDRESS:
TELEPHONE: | C T Corporation System
Nancy Flores
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |



Page 1 of 1 / WM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT A

13

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On February 11, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION**

in a sealed envelope, postage fully paid, addressed as follows:

John W. Tower, Esq.
Law Offices of John W. Tower
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
Tel.: (760) 436-5589

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 11, 2008, at Los Angeles, California.

_____
Sandy Bird

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4830-1665-8946 v1

```
            UNITED STATES
            DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
               SAN DIEGO DIVISION

          # 147520      - BH

           February 12, 2008
              10:21:31


            Civ Fil Non-Pris
 USAO #.: 08CV0262 CIVIL FILING
 Judge..: M. JAMES LORENZ
 Amount.:                  $350.00 CK
 Check#.: BC# 66569



         Total-> $350.00


 FROM: PARKER V. UNUM LIFE INS. CO.
       CIVIL FILING
```

※ JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joel C. Parker

### DEFENDANTS
Unum Life Insurance Company of America

FILED
2008 FEB 12 AM 11:22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Non-California**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John W. Tower
Law Office of John W. Tower
2211 Encinitas Blvd., Second Floor
Encinitas, CA 92024
760-436-5589

Attorneys (If Known)
Michael B. Bernacchi
Burke, Williams & Sorensen, LLP
444 S. Flower St., Suite 2400
Los Angeles, CA 90071
213-236-0600

'08 CV 0262 L RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sect. 1132

Brief description of cause:
ERISA action for disability insurance benefits

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
February 11, 2008

SIGNATURE OF ATTORNEY OF RECORD
Michael B. Bernacchi

**FOR OFFICE USE ONLY**
RECEIPT # 147520   AMOUNT $350 — 2/12/08   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**            Example:            U.S. Civil Statute: 47 USC 553
                                                  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com