BURKE, WILLIAMS & SORENSEN, LLP
MICHAEL B. BERNACCHI, Bar No. 163657
mbernacchi@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Telephone:  213.236.0600
Facsimile:   213.236.2700

Attorneys for Defendant Unum Life Insurance
Company of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL C. PARKER,<br><br>                    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.  08 CV 0262 L RBB<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant Unum Life Insurance Company of America ("Unum" or "Defendant") answers the complaint herein by admitting, denying, and alleging as follows:

1.      Answering paragraph 1, Defendant alleges, based on information and belief, that Plaintiff is a resident of San Diego County, California, and was employed by Hammond & Masing General Contractors, Inc. ("Hammond & Masing") and a participant in its employee welfare benefit plan ("Plan."). Defendant further alleges that Unum issued a group disability policy to fund, at

/ / /

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4850-1983-1810 v1                    1                    CASE NO. 08 CV 0262 L RBB
DEFENDANT'S ANSWER TO COMPLAINT

1  least in part, the Plan.  Except as specifically alleged herein, Defendant denies each

2  and every allegation of this paragraph.

3

4      2.    Answering paragraph 2, Defendant alleges that Unum is a corporation

5  and that it is authorized to transact business in California, including the County of

6  San Diego.   Except as specifically alleged herein, Defendant denies each and every

7  allegation of this paragraph.

8

9      3.    Answering paragraph 3, Defendant asserts that Defendant "DOES 1

10  through 10" is a misnomer and that said alleged Defendants have not been served

11  with a Summons and Complaint or any complaint in this action; said alleged

12  Defendants are wholly fictitious and were included in the Complaint as a matter of

13  course; that the Complaint does not state a claim for relief against said fictitious

14  Defendants; and that said fictitious Defendants are nominal and could not have

15  substantial rights or obligations which would affect or be affected by this action.

16

17      4.    Answering paragraph 4, Defendant denies each and every allegation of

18  this paragraph.

19

20      5.    Answering paragraph 5, Defendant alleges that Plaintiff was employed

21  by Hammond & Masing and a participant in their employee welfare benefit plan,

22  which was funded in part by a group disability policy no. 586248 001, issued by

23  Unum to Hammond & Masing.  Defendant refers to the policy as the best evidence

24  of its content.  Except as specifically alleged herein, Defendant denies each and

25  every allegation of this paragraph.

26  / / /

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4850-1983-1810 v1                    2                    CASE NO. 08 CV 0262 L RBB
DEFENDANT'S ANSWER TO COMPLAINT

6.    Answering paragraph 6, Defendant alleges that Plaintiff submitted a disability claim no. 2540206, claiming to be disabled under the terms of the policy. Except as specifically alleged herein, Defendant denies each and every allegation of this paragraph.

7.    Answering paragraph 7, Defendant denies each and every allegation of this paragraph.

8.    Answering paragraph 8, Defendant denies each and every allegation of this paragraph.

9.    Answering paragraph 9, Defendant denies each and every allegation of this paragraph and specifically denies that Plaintiff has been damaged in any manner whatsoever.

10.    Answering paragraph 10, Defendant denies each and every allegation of this paragraph and specifically denies that Plaintiff is entitled to recover his attorney's fees in this action.

## FIRST AFFIRMATIVE DEFENSE

11.    The Complaint and each of its alleged causes of action fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

12.    Plaintiff's claims should be dismissed because Defendant discharged its duties with respect to the Plan solely in the interest of Plan participants and beneficiaries, and in so doing, acted in accordance with the documents and instruments governing the Plan.

1

## THIRD AFFIRMATIVE DEFENSE

2      13.    Plaintiff's claims should be dismissed because Defendant did not act

3 arbitrarily or capriciously in administering Plaintiff's claim, but rather acted

4 reasonably, on the basis of substantial evidence, and in accordance with the

5 documents and instructions governing the Plan.

6

7

## FOURTH AFFIRMATIVE DEFENSE

8      14.    Plaintiff's claims should be dismissed because Plaintiff was not

9 disabled in accordance with the terms and provisions of the Plan.

10

11

## FIFTH AFFIRMATIVE DEFENSE

12      15.    Plaintiff's claims should be dismissed because he failed to demonstrate

13 his continued eligibility for benefits under the terms and provisions of the Plan.

14

15

## SIXTH AFFIRMATIVE DEFENSE

16      16.    To the extent that Plaintiff seeks recovery under state law, the same is

17 preempted by ERISA.

18

19

## SEVENTH AFFIRMATIVE DEFENSE

20      17.    To the extent that Plaintiff has failed to exhaust administrative

21 remedies under ERISA, this action is barred.

22

23

## EIGHTH AFFIRMATIVE DEFENSE

24      18.    To the extent that a court holds that Plaintiff was entitled to benefits,

25 which he was not, Defendant is entitled to an offset for any additional other income

26 benefits that should be taken into account in calculating his long term disability

27 benefits, including but not limited to any benefits he received from the Social

28 Security Administration or Worker's Compensation Appeals Board.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4850-1983-1810 v1                4                CASE NO. 08 CV 0262 L RBB
DEFENDANT'S ANSWER TO COMPLAINT

1

**NINTH AFFIRMATIVE DEFENSE**

2

19.    Unum is not a proper party to this ERISA benefit recovery action

3

because the benefit Plan itself is the only proper Defendant. *Everhart v. Allmerica*,

4

275 F.3d 751 (9th Cir. 2001).

5

6

**TENTH AFFIRMATIVE DEFENSE**

7

20.    Plaintiff is not entitled to a jury trial under ERISA.

8

9

WHEREFORE, having fully answered the Plaintiff's Complaint herein,

10

Defendant seeks as follows:

11

12

1.    That Plaintiff take nothing by reason of his Complaint and that the

13

Complaint be dismissed with prejudice;

14

15

2.    That Defendant recover its costs of suit and attorneys' fees incurred

16

herein; and

17

18

3.    For such other relief as the Court deems just and proper.

19

20

Dated:    February 19, 2007            Burke, Williams & Sorensen, LLP
                                                   Michael B. Bernacchi

21

22

23

By:*/s/ Michael B. Bernacchi*
                                                   Michael B. Bernacchi
                                                   Attorneys for Defendant Unum Life
                                                   Insurance Company of America
                                                   E-mail:  mbernacchi@bwslaw.com

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4850-1983-1810 v1                    5            CASE NO. 08 CV 0262 L RBB
                                                   DEFENDANT'S ANSWER TO COMPLAINT